KEARNEY, *Appellant*, v. BOECKELER.

### Division One, February 23, 1898.

**Actions:** DEFECTIVE PETITION: DEMURRER.  A petition, praying that a sheriff's sale under a mechanic's lien be set aside, is set out in the opinion, and so obviously fails to state a cause of action that the demurrer thereto is, without comment, held to have been properly sustained.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*S. L. Isbell* for appellant.

(1)   The property was wantonly sacrificed and the inadequacy of price was so gross as to demand that

the sale be set aside. *Walter v. Herman*, 99 Mo. 529; 2 Pom. Eq. Jur. 926; *Davis v. Dreisbach*, 81 Ill. 395. (2) Sheriff may delay sale, and it is his duty to do so when property is about to be sacrificed. *Conway v. Nolte*, 11 Mo. 74. (3) The deed was void, passing no title, because executed and acknowledged before the sale took place. (4) The spirit and intent of the mechanics' lien law, as set out in section 6727, Revised Statutes 1889, was defeated and frustrated by this sale without an order from court. It is apparent that the will of the legislature, that all liens should be on an equal footing, can be readily evaded by a minor claimant reducing his claim to judgment in a justice court, long before a cause of action could possibly accrue to an original contractor, and hence a sale under such circumstances, if not held by the court to be premature and void, should at least be regarded with as careful scrutiny as trustees' sales and the sheriff should not be a "mere nose of wax" in the hands of scheming and unprincipled creditors.

*H. M. Pollard* for respondent.

Brace, P. J. —This is an appeal from a judgment of the circuit court of the city of St. Louis sustaining a demurrer to the plaintiff's amended petition.

The substance of the petition is that plaintiff, on the fifteenth of November, 1893, instituted a mechanic's lien suit in said circuit court against certain parties therein named, which suit was pending at the time this suit was instituted by him. That afterward, on the thirtieth day of October, 1894, he obtained judgment in said former suit as therein prayed, the amount of said judgment being $5,792.23. That the object and purpose of said suit was to obtain judgment against said parties for said sum of money, and to have the same

declared a lien against the property mentioned in said mechanic's lien suit (describing the property) as will more fully appear by reference to the papers in said case. That said property was of the value of $12,000. That on the sixteenth of July, 1894, the defendant became the purchaser of said property for the sum of $185 at a sheriff's sale under two executions on two judgments of said circuit court enforcing mechanic's liens thereon, one in favor of The Boeckeler Lumber Company for the sum of $2,515, and the other in favor of W. A. Webb for the sum of $150. That no order of sale of said property under said judgments was ever made by said circuit court. That the plaintiff was unable by reason of his poverty to raise any money and to bid at said sale. That said property was sold at a time when slight interest was taken in buying and selling real estate, and that it might have been sold in September when the real estate market is active. That said Boeckler and the sheriff knew the property was worth $12,000. That the defendant was at the date of said sale interested in said lumber company, and that the plaintiffs in said executions combined and confederated together and caused said property to be sold so as to cut off this plaintiff from any and all rights he then had or thereafter might have in said property. That while said property was sold on the sixteenth of July, yet the sheriff's deed therefor was acknowledged on the twenty-first of June, 1894. Wherefore plaintiff prays that said sale and deed be adjudged fraudulent and void, and that the same be set aside and for naught held, etc.

The foregoing is a complete summary of all the facts stated in the amended petition, which so obviously fails to state a cause of action, that (without comment) the judgment of the circuit court is affirmed. ROBINSON and WILLIAMS, JJ., concur.